STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    CIVIL ACTION
                                                  DOCKET NO. CV-18-573



KAILA HARRIS,

              Plaintiff                           ORDER ON PLAINTIFF'S MOTION
                                                  FOR ATTACHMENT AND
v.                                                ATTACHMENT ON TRUSTEE
                                                  PROCESS
RUTH SWASEY,

              Defendant

       Before the court is plaintiff Kaila Harris's motion for attachment and attachment on trustee

process. M.R. Civ. P. 4A & 4B. For the following reasons, plaintiff's motion is denied.

BACKGROUND

       Plaintiff alleges the following. On August 19, 2018, William Fletcher died. (Compl. ¶ 5.)

Plaintiff is Mr. Fletcher's granddaughter. (Compl. ¶¶ 6-7.) Defendant is Mr. Fletcher's sister.

(Compl. ¶ 12.) Mr. Fletcher executed a will in 2016 and named plaintiff as the primary beneficiary.

(Compl. ¶ 9.)[1] Mr. Fletcher executed a second will in 2018 and named defendant as the primary

beneficiary. (Compl. ¶ 15.) Plaintiff also was the beneficiary of two North American Life Annuity

Contracts before a change initiated by defendant in 2018. (Compl. ¶ 10.) In her complaint,

plaintiff alleges defendant tortuously interfered with plaintiff's expectancy and violated the

Improvident Transfers of Title Act.

PROCEDURAL HISTORY

       Plaintiff filed her complaint and moved for attachment and attachment on trustee process

on December 19, 2018. Defendant filed an opposition to plaintiff's motion on December 26, 2018.

---

[1] The 2016 will is not attached to the complaint. (Compl. ¶ 9.)

1

REC'D CUMB CLERKS OFC
FEB 15 '19 PM 2:58

DISCUSSION

Plaintiff requests an attachment, including attachment on trustee process, of defendant's property in the amount of $100,000 or attachment of the proceeds from North American Life Annuity Contracts 8000046814 and 8000046815. (Pl.'s Mot. 1.) Defendant claims that Mr. Fletcher obtained independent legal counsel when executing his 2018 will, which rebuts any presumption of undue influence. See 33 M.R.S. § 1022(1); Young v. Lagasse, 2016 ME 96, ¶ 9, 143 A.3d 131; (Stenbak Aff.) Defendant argues that because plaintiff has not met her burden of showing that it is more likely than not that she will recover judgment, the motion must be denied. (Def.'s Opp'n to Pl.'s Mot. 2.)

A motion for attachment may be entered "upon a finding by the court that it is more likely than not that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the aggregate sum of the attachment." M.R. Civ. P. 4A(c). Based on this record, plaintiff has failed to show that it is more likely than not that she will recover judgment or that she will recover an amount equal to or greater than $100,000. Further, plaintiff does not provide the basis for the claimed amount of $100,000 in either her complaint or her affidavit. (See Harris Aff.)

The entry is

> Plaintiff's Motion for Attachment and Attachment on Trustee Process is DENIED.

Date: February 14, 2019

Nancy Mills
Justice, Superior Court

2